FILED
CLERKS OFFICE
2004 SEP 30 P 4: 22
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Docket No.: 03-CR-10361 |
| v. ) | |
| ) | |
| ) | |
| GREGORY WARREN ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DOWNWARD DEPARTURE

On December 3, 2003, a federal grand jury at Boston, Massachusetts returned a sealed one-count Indictment charging the defendant with Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846. On June 16, 2004, the Defendant appeared in the United States District Court, at Boston, and entered a plea of guilty to count one of the Indictment. After a factual basis was presented, the Court accepted the plea and disposition was scheduled for October 6, 2004. The Defendant now respectfully requests that, at sentencing, the Court depart downward based on the following arguments of law.

## I.    Extraordinary Family Obligations

In deciding whether to grant a downward departure for "extraordinary family obligations" (under U.S.S.G. § 5H1.6), the Court should look to its opinion in *United States v. Lacarubba*, 184 F.Supp.2d 82, (1st Cir. 2002), which discussed the status of such departures in the wake of two recent opinions, *United States v. Pereira*, 272 F.3d 76 (1st. Cir. 2001) and *United States v. Thompson*, 234 F.3d 74 (1st Cir.2000).

In *Thompson*, the Court held that it was error when a trial court, seeking to determine if a departure for family obligations was warranted, compared the defendant to other defendants similarly situated with respect to the offense of conviction. The Court held that the proper approach is to compare any given defendant to all defendants. *Id.* at 78. In *Pereira*, the Court held that a defendant must be found to be "irreplaceable" to his or her family before the Court can depart downward under this section. 272 F.3d at 83.

In *Lacarubba*, the Court put the two cases together and held that "the law of the First Circuit is as follows: before a court in the District of Massachusetts can depart downward for 'extraordinary family obligations' the trial court must measure the defendant against all other defendants, no

matter the crime or his or her conviction, and determine whether he or she is 'irreplaceable.'" 184 F.Supp.2d. at 91.

The Defendant is the legal parent of seven children, five of whom are minors. By virtue of previous relationships and marriages, the Defendant also shares and contributes to the well-being of six other minor children. Prior to the Defendant's incarceration, he maintained a loving relationship with all of his children. He made financial contributions towards the upbringing of every child. In the case of his seven legal children, the Defendant was paying child support monthly. The other children, though not under his legal custody, also received monthly support from the Defendant. To this day, the lack of financial support caused by the Defendant's incarceration has caused enormous financial strain on all of the children. The children all live with their respective mothers, all of whom possess low earning potential. Such strain will continue to severely impair their ability to thrive and maintain healthy lives.

Indeed, the Defendant is guilty of an extremely serious offense. However, the above case law mandates that in deciding whether or not to depart, the Court look to his family's situation and not the severity of his crime.

Furthermore, the Court, in *Lacarruba*, in addition to the above analysis, offered a more simple, humane and commonsense approach. In that case, the judge stated, "the principle I applied was simple: while Mr. LaCarubba deserved to be punished, his wife did not." In the instant case, the Court should follow that dictate.

## II.     Adequacy of Criminal History Category

### a.   Criminal History Computation

In the instant case, the probation officer preparing the presentence report("PSR"), Martha Victoria, calculated the guidelines offense level for narcotics to be level thirty (30). She recommended a three level decrease for acceptance of responsibility and no adjustment, upward or downward, for the defendant's role in the offense, leaving the defendant with a net total offense level of twenty-seven (27).

The Defendant's criminal history category was calculated at category IV, the calculations based on paragraph's sixty-seven (67) through sixty-nine (69) of the PSR. Specifically, the Defendant had a subtotal criminal history score of five (5), based upon three prior convictions: a simple domestic assault, to which he pleaded no contest on 5/15/03; possession of a controlled substance, to which he pleaded no contest and received two years

probation in 2/19/02; breaking and entering with intent to commit a felony, to which he pleaded no contest on 7/9/02. At the time of the instant offense the Defendant was under the criminal justice sentences imposed on 7/9/02 and 5/15/03, and thus two (2) points were added, pursuant to U.S.S.G. § 4A1.1(d). The Defendant was assessed an additional point, as the instant offense was committed less than two (2) years following the defendant's release from custody for the sentence imposed on 7/9/02. Thus, the Defendant received a total of eight (8) criminal history points, which established a criminal history category of IV.

b.   Argument for Departure

U.S.S.G. § 4A1.3(b)(1) defines the standard the Court must consider to grant a downward departure based on a defendants criminal history:

> "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." *Id.*

For departure purposes, overstatement of seriousness of defendant's criminal history may be a circumstance not adequately taken into consideration by guidelines. 18 U.S.C.A § 3553(b); U.S.S.G. § 4A1.3.

In *United States v. Summers* 893 F.2d 63 (4th Cir. 1990), the Fourth Circuit held that a series of minor offenses resulted in overstating the defendant's criminal history. In *Summers, supra,* the defendant was indicted in federal court in Maryland and Virginia for the use of a firearm during a drug trafficking crime, for furnishing false identification in acquiring a firearm, and for possession of a firearm by a convicted felon. *Id.* at 64. The defendant pled guilty to all charges. *Id.* At sentencing, however, the defendant was placed in criminal history category V, based on prior minor offenses of driving without a license. *Id.* at 65. In that case, the Court held such an overstatement of the seriousness of a defendant's criminal history was a circumstance "not adequately taken into consideration." Id. at 67. The court in *Summers* further held that "our analysis is simplified since the Sentencing Commission has expressly identified overstatement of a defendant's criminal history category as a circumstance that may warrant a departure. U.S.S.G § 4A1.3, p.s., states that "[t]here may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history.... The court may conclude that the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category ...,

and therefore consider a downward departure from the guidelines." *Id.* at 70.

In the instant case, the Defendant's criminal history indicates that he had one prior drug related conviction. This conviction was for simple possession only. Thus, the instant offense is the only offense where drugs have ever played a role.

Admittedly, the prior convictions in the instant case are not as "minor" as those in *Summers*. Most notably, the Defendant's most recent conviction for Breaking and Entering was indeed a serious offense. Indeed, in *United States v. Madison*, 990 F.2d 63 (5th Cir.), the Fifth Circuit Court of Appeals rejected the district court's downward departure where the defendant's prior crimes were serious and continued up to the date of the instant offense. However, in *Madison*, the court noted "the many criminal offenses with which she was charged and of which she was convicted were *all* of a serious nature." *Id.* at 184. (emphasis added). For example, Madison already had three felony convictions by the time the jury convicted him in his case. *Id.* at 183.

As an example of circumstances in which such a departure might be appropriate, the Sentencing Commission suggests "the case of a defendant

with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." U.S.S.G. § 4A1.3 (policy statement). In the case at hand, the defendant's record demonstrates that prior to 1992, when the defendant was in his late teens and early twenties, he had four prior minor offenses. However, between 1992 and 2001, the defendant's record remained entirely clean.

## Conclusion

For all the foregoing reasons, the defendant, Gregory Warren, should have his sentence departed from the mandatory minimum.

## **CERTIFICATE OF SERVICE**

 I, John C. McBride, counsel for the within named Defendant hereby certifies under the pains and penalties of perjury I have forwarded a copy of the attached document via first class mail, postage prepaid <u>and/or</u> via facsimile to the following individual(s):

United States District Court
U.S. Attorney's Office
Attn: William D. Weinreb, AUSA
Suite 9200
Boston, MA 02210

U. S. Probation
Attn: Martha Victoria, U.S. Probation Officer
Suite 1200
Boston, MA 02210

_____
JOHN C. McBRIDE

DATED: September 30, 2004