RECEIPT #_____
AMOUNT $_____
SUMMON ISSUED_____
LOCAL RULE_____
WAIVER FOR_____
MCF ISSUED_____
BY DPTY. CLK. _pcr_
DATE _11-1-05_

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 OCT 27 P 12: 16
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 03-10361-RWZ |
| | ) | Def. No. 2 |
| GREGORY WARREN | ) | |

05cv12185 RWZ

**MOTION UNDER 28 U.S.C. 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE** MAGISTRATE JUDGE _Dein_

Now comes defendant, Gregory Warren, and asks this Honorable Court to vacate his current sentence of 120 months imprisonment and grant him a new sentencing hearing. As grounds defendant submits that his minimum sentence was illegally enhanced from 5 years imprisonment to 10 years imprisonment under 21 U.S.C. 851. Defendant also wishes to preserve any and all rights for argument at sentencing hearing, assuming the Court grants that requested hearing.

1. Pursuant to a guilty plea before the Honorable Judge Rya W. Zobel, Mr. Warren was convicted in United States District Court, Boston, Massachusetts under the above-entitled case number.

2. Mr. Warren was sentenced by Judge Zobel on or about October 28, 2004. He is presently unaware of the exact date of the entry of the judgment of conviction.

3. Mr. Warren was sentenced to 120 months incarceration.

4. Mr. Warren was convicted of a one count indictment alleging Conspiracy to Distribute Cocaine under 21 U.S.C. 846.

5. Mr. Warren was convicted pursuant to a guilty plea.

6. NA, as Mr. Warren did not go to trial.

7. Mr. Warren did not testify at any proceeding.

8. Mr. Warren did not appeal his judgment of conviction.

9. NA, as Mr. Warren did not appeal.

10. Mr. Warren has not filed any other motions, petitions, or applications regarding the judgment of conviction.

11. NA, as Mr. Warren has not filed any other motions, petitions, or applications regarding the judgment of conviction.

12. Grounds of post-conviction petition:

   Ground One:

   (a) Mr. Warren was unconstitutionally subjected and sentenced to an enhanced 10 year mandatory minimum sentence under 21 U.S.C. 851 due to a prior unconstitutional state drug conviction, specifically Rhode Island Superior Court Case No: P2/2002-2144A. This unconstitutional conviction was the sole basis for the 851 enhancement filed by the Government, and served to increase Mr. Warren's mandatory minimum sentence from 5 years to 10 years. Mr. Warren is in the process of moving to vacate that conviction in the Rhode Island Superior Court, and files this petition now in part to preserve this issue for such time as that predicate conviction is vacated.

   (b) NA, as Mr. Warren did not file a direct appeal.

   (c) NA, as Mr. Warren has not filed any other post-conviction petitions.

   Ground Two:

   (a) Assuming relief is granted as to ground one, described above, Mr. Warren wishes to preserve any rights he might have under present U.S. Supreme Court precedent to argue

    for a sentence less that the recommended United States Sentencing Guidelines range.

    (b) NA, as Mr. Warren did not file a direct appeal.

    (c) NA, as Mr. Warren has not filed any post-conviction petitions.

13. Neither of the two above-listed grounds have been presented to a federal court. Ground one was not presented due to the fact that the predicate 851 conviction was valid at the time of sentencing. Ground two was not presented as, because of Ground one, Mr. Warren was subject to a mandatory minimum sentence above the low end of the recommended USSG sentencing range.

14. No, Mr. Warren has no other motions pending regarding this judgment.

15. Mr. Warren was represented at preliminary hearing through sentencing by John McBride, Suite 2B, 240 Commercial St., Boston, MA, 02109, and Paul DiMaio, 215 Broadway, Providence, RI, 02903.

16. Mr. Warren was not sentenced on any other counts or indictments in addition to this one count indictment.

17. Mr. Warren has no other future sentence to serve.

18. The Motion is timely. Mr. Warren was sentenced on October 28, 2004. The Judgment of Conviction was entered on some date after that. A direct appeal, if filed, was not due until 10 days of the entry of the Judgment of Conviction. The one year statute of limitations therefore began running on November 7, 2004, or later. This petition is being filed prior to November 7, 2005.

WHEREFORE, Mr. Warren asks that the Court vacate his present sentence of 120 months

incarceration and grant him a new sentencing hearing, wherein he shall be able to present any and all evidence which might have been presented at the original sentencing hearing.

Respectfully submitted,
Gregory Warren,
By his Counsel,

_____
Daniel P. McKiernan (Mass. Bar #559833)

_____
Olin W. Thompson, III

*McKiernan Thompson & Millea*
243 North Main St.
Providence, RI 02903
(401) 223-1400
(401) 223-1401 (fax)

## CERTIFICATION

I hereby certify to the best of my knowledge under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. 2255 was mailed, postage prepaid, to the United States District Court for the District of Massachusetts, Office of the Clerk, One Courthouse Way, Suite 2300, Boston, MA 02210, on this the ___26th___ of October, 2005.

_____
McKiernan Thompson & Millea